NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Richard TISCHLER, Martin Bader and Donald Connelly, Sr., a limited partnership, d/b/a Devon Gables Nursing Home, et al., Respondents.

No. 78–3435.

United States Court of Appeals, Ninth Circuit.

March 19, 1980.

Elliott Moore, N.L.R.B., Washington, D. C., on briefs, for petitioner.

John P. Frank, Lewis & Roca, Phoenix, Ariz., on briefs, for respondents.

Before BROWNING and KILKENNY, Circuit Judges, and CAMPBELL, District Judge.*

KILKENNY, Circuit Judge:

The National Labor Relations Board [the Board] petitions for enforcement of its order directing the respondents to cease committing unfair labor practices and to bargain with the Retail Clerks Union No. 727 [the Union], as the exclusive representative of respondents' full time and regular part time service and maintenance employees. The court has jurisdiction to hear this case under § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e).

## BACKGROUND FACTS

Respondents operate a health care and nursing home facility in Tucson, Arizona. In June, 1976, the Union began an organizational campaign among the 151 service and maintenance employees at Devon Gables. On September 23, 1976, having secured 92 authorization cards [1] from employees, the Union filed a representation petition with the Regional Director of the Board and demanded that respondents recognize the

---

* The Honorable William J. Campbell, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

1. The signed cards represented approximately 60% of the employees in the appropriate unit.

Union. Respondents refused the demand and a representation hearing was held. The Regional Director ordered an election scheduled for December 16, 1976. However, during the course of the campaign, several supervisors committed a number of unfair labor practices in violation of § 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1). On December 13th, the Union filed unfair labor practice charges and the election was blocked.

Respondents' unfair labor practices included: maintaining an unlawful solicitation rule; threatening employees with discharge and blacklisting for their Union activities; promising pay raises and other benefits to employees should the Union lose the election; threatening wage reduction should the Union win the election; interrogating employees about their Union sympathies; creating the impression that employees were being treated unfairly because of their Union activities, and; implying that respondents would not bargain in good faith with the Union. The violations were committed by both the highest and lowest level supervisors.

In August, 1977, an Administrative Law Judge [ALJ] held a hearing and concluded that respondents had committed all but three of the above charges. However, he concluded that the violations were not serious enough to preclude a fair election, and, therefore, recommended only a cease and desist order.

The General Counsel filed exceptions to the ALJ's decision. Respondents did not contest the ALJ's findings and conclusions. The Board affirmed the ALJ on his findings of unfair labor practices, but reversed his dismissal of three of the charges. The Board also concluded that a cease and desist order was not a sufficient remedy and that a bargaining order should issue forthwith. The Board now petitions for enforcement of its order. Respondents contest the Board's findings with regard to the three charges the ALJ dismissed and the Board's choice of the bargaining order as the remedy for the violations committed.

## ISSUES

I. Is there substantial evidence in the record as a whole to support the Board's findings of unfair labor practices on the disputed charges? We answer in the affirmative.

II. Did the Board properly order Devon Gables to forthwith bargain with the Union? The answer is yes.

## I.

▋ Our review of the record convinces us that the findings of the Board are supported by substantial evidence on the record as a whole and, such being the case, the order must be affirmed. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *NLRB v. Broadmoor Lumber Co.*, 578 F.2d 238, 241 (CA9 1978). The fact that the Board's findings disagree with those of the ALJ does not change this standard. The deference accorded to the findings runs in favor of the Board, not the ALJ. *Penasquitos Village, Inc. v. NLRB*, 565 F.2d 1074, 1076 (CA9 1977). It is well settled that we may not substitute our choice between two fairly conflicting interpretations of the facts where the Board's choice is supported by substantial evidence. *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829 (1962); *NLRB v. Miller Redwood Co.*, 407 F.2d 1366, 1369 (CA9 1969). True enough, the ALJ's determinations on credibility "weigh heavily" in the court's review of the Board's findings contrary to the ALJ's. *Penasquitos Village, Inc., supra,* at 1079. However, *Penasquitos* also notes that the Board is to be accorded special deference in drawing derivative inferences from the evidence, 565 F.2d at 1079. Here, the Board does not disagree with the ALJ's assessment of the credibility of the witnesses, rather it draws different inferences from the statements made by the two witnesses upon whom the ALJ relied. These are the kind of inferences emphasized by the *Penasquitos Village* court in holding that the Board enjoyed special expertise.

## II.

■ Although the ALJ found that Devon Gables had committed a number of unfair labor practices, he also found a conspicuous absence of a pattern of unfair labor practices of such gravity and pervasiveness as to make the Union's card majority a more reliable test of employees' desire than an election. Consequently, he only recommended a cease and desist order with the posting of appropriate notices. The Board disagreed with the ALJ's findings and conclusions and concluded that the unfair labor practices created a duty to bargain which related back to the bargaining demand on September 23, 1976.

*NLRB v. Gissel Packing Co.,* 395 U.S. 575, 612, n. 32, 89 S.Ct. 1918, 1939, n. 32, 23 L.Ed.2d 547 (1969), teaches us to accord great respect to the Board's selection of a remedy for unfair labor practices. True enough, we cannot ignore our own responsibility to be more than a mere rubber stamp for the Board's decisions. *NLRB v. Chatfield-Anderson Co., Inc.,* 606 F.2d 266, 268 (CA9 1979). However, we are bound to follow *Gissel* in holding that if the Board finds a possibility of erasing the effects of past practices and of insuring a fair election (or a fair rerun) by the use of traditional remedies, though present, is slight and that employees' sentiment once expressed through cards would, on balance, be better protected by a bargaining order, then such an order should issue. *Gissel,* 395 U.S. at 614–15, 89 S.Ct. at 1940. Here, the Board applied the *Gissel* criteria concluding that the possibility of erasing the effects of the past unfair labor practices and insuring a fair election by the use of traditional remedies was slight. The Board's finding is supported by substantial evidence on the record as a whole. We would add nothing to the validity of our decision by giving a detailed outline of the numerous unfair labor practices committed by Devon Gables.

Due consideration has been given to all of the respondents' arguments. We find them unconvincing.

The order of the Board must be enforced. Counsel shall prepare the necessary order and present it for signature within a reasonable time.

IT IS SO ORDERED.