113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
RMS FOUNDATION, INC., d/b/a Queen Mary, Respondent.
 No. 96-70292.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 29, 1997.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, Nos. 21-CA-29292, 21-CA-29433.
 NLRB,
 ORDER ENFORCED.
 Before: BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The National Labor Relations Board ("Board") petitions to enforce its decision and order of July 27, 1995 finding that RMS Foundation, Inc. ("RMS") violated sections 8(a)(1) and (3) of the National Labor Relations Act ("Act"), 29 U.S.C. §§ 158(a)(1), 158(a)(3), when it refused to hire Eugene Quental because of his prior union activities.[1] We have jurisdiction pursuant to 9 U.S.C. § 160(e), and we grant the petition.
 
 
 3
 We must enforce the Board's order if it correctly applied the law and if its findings of fact are supported by substantial evidence. See California Pac. Med. Ctr. v. NLRB, 87 F.3d 304, 307 (9th Cir.1996). We defer to the Board's choice between two fairly conflicting views. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Walnut Creek Honda Assocs. 2, Inc. v. NLRB, 89 F.3d 645, 648 (9th Cir.1996). Furthermore, "the Board is to be accorded special deference in drawing derivative inferences from the evidence." NLRB v. Tischler, 615 F.2d 509, 511 (9th Cir.1980) (citations omitted).
 
 
 4
 To sustain a charge of an unfair labor practice for refusing to hire a job applicant, the General Counsel has the burden to show that an applicant's involvement in union activities was "a substantial or motivating factor" in the employer's decision to reject the applicant. See NLRB v. Howard Elec. Co., 873 F.2d 1287, 1290 (9th Cir.1989) (quotations and citations omitted). If such a prima facie showing is made, the burden shifts to the employer to demonstrate by a preponderance of the evidence that the employment decision would have occurred regardless of the applicant's protected union activities. See id.
 
 
 5
 We conclude that the Board's finding that RMS refused to hire Quental because he had previously been a shop steward is supported by substantial evidence. See California Pac. Med. Ctr., 87 F.3d at 307. Jorge Gonzalez, the RMS facilities manager who made the decision not to hire Quental, testified that Quental was a marginal employee who "talked too much" on the job, but conceded that some of these conversations may have involved Quental's handling of union grievances. From this testimony, the Board could properly infer that Quental's protected concerted activities were a motivating factor in the decision not to hire him. See id.
 
 
 6
 Furthermore, Quental had worked on the Queen Mary for 12 years and had been promoted to lead carpenter. From this evidence, the Board could reasonably infer that Gonzalez' characterization of Quental as a marginal employee was pretextual. See id.; see also Shattuck Denn Mining Corp. v. NLRB, 362 F.2d 466, 470 (9th Cir.1966) (upholding inference of pretext where employer's reasons for action fail to withstand scrutiny).
 
 
 7
 Having established a prima facie case against RMS, it was then incumbent on RMS to produce evidence that it would have refused to hire Quental regardless of his prior protected union activities. See Howard Elec. Co., 873 F.2d at 1290. RMS failed to provide any documentation or other corroboration of Gonzalez' proffered reasons, and therefore the Board could properly conclude that RMS failed to rebut the General Counsel's prima facie case. See L'Eggs Prod., Inc. v. NLRB, 619 F.2d 1337, 1343 (9th Cir.1980) (holding that Board is not required to accept employers' "self-serving" declarations).
 
 
 8
 Accordingly, the petition for enforcement is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The order requires RMS to make whole and offer positions to Quental and Gerald Viano, and to post appropriate notice of its violations. RMS settled Viano's claim, and the Board does not seek enforcement of that portion of the order